UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEARTLAND REHABILITATION
SERVICES, INC., an Ohio Corporation,

       Plaintiff,                      Case No.   06-11769

v.                                      District Judge Arthur J. Tarnow
                                        Magistrate Judge R. Steven Whalen

JOHN MEKJIAN and PERFORMAX
PHYSICAL THERAPY, P.C.,
a Michigan Corporation,

       Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS TO
STRIKE PLAINTIFF'S EXPERT WITNESSES**

Before the Court are Defendant Performax's Motion to Strike Plaintiff's Expert Witnesses Robert Walworth and Robert Kullman [Docket #121] and Motion to Strike Plaintiff's Expert Witness Amy Heilmann [Docket #125].[1]  Both motions are based on Defendant's claim that the Plaintiff failed to timely disclose the experts' reports, as required by Fed.R.Civ.P. 26(a)(2)(C), and, as to Walworth and Kullman, failed to identify these experts until after the witness lists were due.  Pursuant to E.D. Mich. L.R. 7.1(e)(2), these motions will be submitted on the briefs, without oral hearing.

---

[1] Defendant Mekjian has filed notices of concurrence in both motions.  *See* Docket #122 and #126.

-1-

On January 5, 2007, the District Court set the following schedule:

| | |
|---|---|
| Witness Lists: | 2/5/07 |
| Discovery Cutoff: | 4/5/07 |
| Joint Pretrial Order: | 7/11/07 |
| Final Pretrial/Settlement Conference: | 7/18/07 |

No trial date was set. Plaintiff did not identify Walworth and Kullman as expert witnesses until approximately two weeks after the witness lists were due (2/5/07), nor did it produce any expert witness reports with its witness list.[2]

Fed.R.Civ.P. 26(a)(2)(C) provides that the identity of expert witnesses and their reports "shall be made at the times and in the sequence directed by the court." The Rule further states that "[i]n the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial...." In addition, Fed.R.Civ.P. 37(c)(1) provides that "a party that without substantial justification fails to disclose [required information]...is not, *unless such failure is harmless*, permitted to use as evidence at trial...any witness or information not so disclosed." (Emphasis added).

The January 5, 2007 scheduling order set a date of 2/5/07 for filing of witness lists, but did not explicitly address the issue of expert witness reports. On the other hand, given

---

[2] According to the Joint Lists of Unresolved Issues, Walworth's expert report was produced on April 4, 2007, but the reports of Kullman and Heilmann have yet to be produced.

the discovery cutoff date of 4/5/07, one could reasonably assume that expert discovery would be concluded by that date. However, even though Plaintiff's counsel appears to have been less than diligent, this Court is reluctant to impose the extreme sanction of striking the Plaintiff's experts absent a showing of prejudice. A district court has broad discretion in determining whether a Rule 26 violation is justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). *See also*, *Scotts Co. v. ITT Industries, Inc.*, 2007 WL 184709 (S.D. Ohio 2007); *Catalina Rental Apartments, Inc. V. Pacific Insurance Company, Ltd.*, 2007 WL 1050634 (S.D. Fla. 2007). In this case, the Defendants are not irreparably prejudiced, because no trial date has been set. Under Rule 26(a)(2)(C), this Court may now set a specific time and sequence for disclosure of expert reports. Further, any prejudice flowing from the fact that discovery has closed may be cured by a limited extension of expert discovery.

Accordingly, Defendant's Motions to Strike Plaintiff's Experts [Docket #121 and #125] are DENIED.

In addition, the schedule for expert discovery will be modified as follows:

Plaintiff will produce all expert reports by **May 22, 2007.**

Defendants will produce or supplement their expert reports by **June 12, 2007.**

*All* expert depositions will be completed by **July 6, 2007**.

Expert discovery only will be extended until **July 6.2007**, to accommodate the above.

SO ORDERED.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: May 1, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 1, 2007.

        S/Gina Wilson
        Judicial Assistant